IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BROOKE LUNN, | * | |
| Petitioner, | * | Civil Action No. RDB-16-3090 |
| v. | * | Criminal Action No. RDB-14-0411 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

The *pro se* Petitioner Brooke Lunn ("Petitioner" or "Lunn") pled guilty before this Court to one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846. *See* J., p. 1, ECF No. 248. At sentencing, this Court determined that Lunn had a total offense level of 35 and criminal history category of II. *See* Statement of Reasons, p. 1, ECF No. 249. Her advisory sentencing guideline range was 188 to 235 months imprisonment. *Id.* This Court ultimately sentenced Lunn to a total of 144 months imprisonment. J., p. 2, ECF No. 248. Currently pending before this Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 354), pursuant to 28 U.S.C. § 2255. Having reviewed the parties' submissions, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Petitioner's Motion to Vacate (ECF No. 354) is DENIED.[1]

---

[1] Also pending before this Court is the Motion for Return of Property and to Set Aside Forfeiture pursuant to 18 U.S.C. § 983 (ECF No. 250) of "AA Autorama," in which AA Autorama requests that the Government "return . . . or pay said value" for four vehicles seized by the Government that were registered to Lunn's co-defendants Kedrick Jenifer and Tyrone Allen. AA Autorama has subsequently filed a Motion to Withdraw that pending Motion for Return of Property (ECF No. 256). The Motion to Withdraw (ECF No. 256) is GRANTED. Accordingly, the Motion for Return of Property (ECF No. 250) is WITHDRAWN.

1

## ANALYSIS

Lunn contends that that her "Criminal History Category III was erroneous" and that she "should receive a reduction for minor role" based upon "the clarifying and therefore retroactive Amendment 794 to the United States Sentencing Guidelines." *See* Mot. to Vacate, p. 8, ECF No. 354. Petitioner's first argument, as to her criminal history calculation, is completely without merit because this Court sentenced her under a Criminal History Category of II, not III. *See* Sent. Tr., ECF No. 369; *see also* Statement of Reasons p. 1, ECF No. 249. That calculation was fully supported by her prior conduct, as set forth in the Presentence Report. Petitioner has provided no evidence to the contrary. Petitioner's second argument, with respect to Amendment 794, is equally unavailing for reasons discussed *infra*.

On November 1, 2015, the United States Sentencing Commission issued Amendment 794 to the commentary to Section 3B1.2 of the United States Sentencing Guidelines, based on its finding that minor role reductions were "applied inconsistently and more sparingly than the Commission intended." *United States v. Quintero-Leyva*, 823 F.3d 519, 521 (9th Cir. 2016). Amendment 794 now helps sentencing courts identify "low-level offenders" without a "proprietary interest in the criminal activity" who may be considered for a "mitigating role adjustment." U.S.S.G. App. C (Nov. 2015).

Although Petitioner now requests a "reduction for minor role" under Amendment 794, *see* Mot. to Vacate, p. 8, ECF No. 354, a Section 2255 Motion to Vacate is not the proper vehicle for that request. A motion for sentence reduction should be filed under 18 U.S.C. § 3582, not Section 2255. *See United States v. Jones*, 143 Fed. Appx. 526, 527 (4th Cir.

2

2005). Moreover, even if Petitioner had properly asserted her claim under Section 3582(c)(2), she would not be entitled to a sentence reduction. Amendment 794 did not go into effect until November 1, 2015, well after the Petitioner's sentencing on September 2, 2015. J., p. 1, ECF No. 248. The United States Sentencing Commission Guidelines Manual states that "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a) (Nov. 2015). Amendment 794 is not among the listed Guideline Amendments that the Commission has made retroactively applicable to defendants on collateral review. *See United States v. Hunley*, 2016 WL 4523417, *1-2 (W. D. Va. 2016); *Fakhoury v. United States*, 2016 WL 4939226, *2 (D. Md. 2016).

Finally, even if Amendment 794 were retroactively applicable, Petitioner's sentence would be unaffected by Amendment 794. Petitioner would not qualify for a "mitigating role adjustment." Petitioner played an essential role in the cocaine conspiracy to which she pled guilty, having "made approximately 30 trips to Houston, Texas . . . to deliver money and return to Baltimore with kilogram quantity loads of cocaine." Presentence Report, p. 5, ¶ 9, ECF No. 229. This Court correctly applied the Sentencing Guidelines as they existed at the time of Petitioner's sentencing. Petitioner's argument under Amendment 794 fails. Accordingly, Petitioner is not entitled to post-judgment relief under Section 2255.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 354) is DENIED.[2]

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: June 9, 2017

*/s/ Richard D. Bennett*
Richard D. Bennett
United States District Judge

---

[2] The Government's Motion for Forfeiture of Property (ECF No. 373) remains pending before this Court.